

U.S. Department of Justice

**FILED**

United States Attorney
2017 JAN 20  District of Connecticut

U.S. DISTRICT COURT
NEW  Connecticut Financial Center    (203) 821-3700
157 Church Street, 25th Floor    Fax (203) 773-5376
New Haven, Connecticut 06510    www.justice.gov/usao/ct

January 20, 2017

Thomas J. Murphy, Esq.
Cowdery & Murphy, LLC
280 Trumbull Street, 22nd Floor
Hartford, Connecticut 06103

    Re:    United States v. Corey Brinson
           Case No. 3:17CR___9___ (JAM)

Dear Attorney Murphy:

    This letter confirms the plea agreement between your client, Corey Brinson (the "defendant"), and the United States Attorney's Office for the District of Connecticut (the "Government") concerning the referenced criminal matter.

## THE PLEA AND OFFENSE

    The defendant agrees to waive his right to be indicted and to plead guilty to a one-count information charging him with engaging in a monetary transaction in property derived from specified unlawful activity, in violation of 18 U.S.C. § 1957.

    The defendant understands that, to be guilty of this offense, the following essential elements of the offense must be satisfied:

1. The defendant knowingly engaged in a monetary transaction in or affecting interstate commerce, as described in the information;

2. The monetary transaction involved criminally-derived property having a value in excess of $10,000;

3. The defendant knew that the property involved in the monetary transaction was the proceeds of specified unlawful activity, namely mail and wire fraud in violation of 18 U.S.C. §§ 1341 and 1343; and

4. The transaction took place in the United States.

*January 20, 2017 Letter to Attorney Thomas J. Murphy*
*Page 2*

## THE PENALTIES

This offense carries a maximum penalty of 10 years of imprisonment and a $250,000 fine. In addition, under 18 U.S.C. § 3583, the Court may impose a term of supervised release of not more than 3 years to begin after imprisonment. The defendant understands that, should he violate any condition of supervised release, he may be required to serve a further term of imprisonment of up to 2 years per violation pursuant to 18 U.S.C. § 3583 with no credit for time already spent on supervised release.

The defendant is also subject to the alternative fine provision of 18 U.S.C. § 3571. Under this section, the maximum fine that may be imposed on the defendant is the greatest of the following amounts: (1) twice the gross gain to the defendant resulting from the offense; (2) twice the gross loss resulting from the offense; (3) $250,000; or (4) twice the amount of the criminally-derived property involved in the transaction, as specified in 18 U.S.C. § 1957(b)(2).

In addition, the defendant is obligated by 18 U.S.C. § 3013 to pay a special assessment of $100 on each count of conviction. The defendant agrees to pay the special assessment to the Clerk of the Court on the day the guilty plea is accepted.

The defendant is also subject to restitution, as discussed below. Unless otherwise ordered, should the Court impose a fine or restitution of more than $2,500 as part of the sentence, interest will be charged on the unpaid balance of the fine or restitution not paid within 15 days after the judgment date. 18 U.S.C. § 3612(f). Other penalties and fines may be assessed on the unpaid balance of a fine or restitution pursuant to 18 U.S.C. § 3572 (h), (i) and § 3612(g).

### Restitution

The parties agree that the specified unlawful activity underlying the offense of conviction is mail and wire fraud, in violation of 18 U.S.C. §§ 1341 and 1343. Hence, pursuant to 18 U.S.C. § 3663A(c)(2), the parties agree that an offense listed in 18 U.S.C. § 3663A(c)(1) gave rise to this plea agreement. As such, victims of the conduct described in the information, the factual stipulation attached to this plea agreement, or any related or similar conduct ("the underlying fraud scheme") shall be entitled to mandatory restitution under 18 U.S.C. § 3663A. The parties further agree that all victims of the underlying fraud scheme are entitled to restitution, pursuant to 18 U.S.C. § 3663A(a)(3), even if they are not victims of the count of conviction. The parties further agree that the total amount of restitution owed to such victims by this defendant is $3,049,027.06. However, for reasons to be further developed for the Court by the time of sentencing, the defendant reserves his right to argue that the Court should apportion restitution between this defendant and any other defendants convicted of participating in the underlying fraud scheme, pursuant to 18 U.S.C. § 3664(h), and that this defendant's share of restitution

liability should be $200,000, which is the amount he personally gained from the offense and relevant conduct. The Government reserves its right to take whatever position it deems appropriate at sentencing. The defendant understands that if the Court denies his application for apportionment under 18 U.S.C. § 3664(h), or grants his application for apportionment but orders him to pay more than $200,000, or otherwise orders restitution in an amount and manner different from that discussed herein, he will not be entitled to withdraw his plea of guilty.

The defendant acknowledges that $15,913.38 in proceeds of the offense-related conduct remains in his attorney's trust account, and he and the Government agree that he will use these funds toward his restitution obligation.

### Federal Taxes

The defendant agrees to engage a professional tax advisor, who is either a certified public accountant or an enrolled agent with the Internal Revenue Service, and review the United States Individual Income Tax Returns, Forms 1040, he filed for tax years 2011 to 2015; determine whether Amended United States Individual Income Tax Returns, Forms 1040X, should be filed; and, if warranted, file such returns and pay any taxes, penalties, and interest due and owing.

## THE SENTENCING GUIDELINES

### Applicability

The defendant understands that the Court is required to consider any applicable Sentencing Guidelines as well as other factors enumerated in 18 U.S.C. § 3553(a) to tailor an appropriate sentence in this case and is not bound by this plea agreement. The defendant agrees that the Sentencing Guideline determinations will be made by the Court, by a preponderance of the evidence, based upon input from the defendant, the Government, and the United States Probation Office. The defendant further understands that he has no right to withdraw his guilty plea if his sentence or the Guideline application is other than he anticipated, including if the sentence is outside any of the ranges set forth in this agreement.

### Acceptance of Responsibility

At this time, the Government agrees to recommend that the Court reduce by two levels the defendant's adjusted offense level under § 3E1.1(a) of the Sentencing Guidelines, based on the defendant's prompt recognition and affirmative acceptance of personal responsibility for the offense. Moreover, should the defendant qualify for a decrease under § 3E1.1(a) and his offense level determined prior to the operation of subsection (a) is level 16 or greater, the Government will file a motion with the Court pursuant to § 3E1.1(b) which recommends that the Court reduce the

*January 20, 2017 Letter to Attorney Thomas J. Murphy*
*Page 4*

defendant's Adjusted Offense Level by one additional level based on his prompt notification of his intention to enter a plea of guilty. The defendant understands that the Court is not obligated to accept the Government's recommendations on the reductions.

The above-listed recommendations are conditioned upon the defendant's affirmative demonstration of acceptance of responsibility, by (1) truthfully admitting the conduct comprising the offense(s) of conviction and truthfully admitting or not falsely denying any additional relevant conduct for which the defendant is accountable under § 1B1.3 of the Sentencing Guidelines, and (2) truthfully disclosing to the United States Attorney's Office and the United States Probation Office personal information requested, including the submission of a complete and truthful financial statement detailing the defendant's financial condition.

In addition, the Government expressly reserves the right to seek denial of the adjustment for acceptance of responsibility if the defendant engages in any acts, unknown to the Government at the time of the signing of this agreement, which (1) indicate that the defendant has not terminated or withdrawn from criminal conduct or associations (§ 3E1.1 of the Sentencing Guidelines); (2) could provide a basis for an adjustment for obstructing or impeding the administration of justice (§ 3C1.1 of the Sentencing Guidelines); or (3) constitute a violation of any condition of release.  Moreover, the Government reserves the right to seek denial of the adjustment for acceptance of responsibility if the defendant seeks to withdraw his guilty plea or takes a position at sentencing, or otherwise, which, in the Government's assessment, is inconsistent with affirmative acceptance of personal responsibility.  The defendant understands that he may not withdraw his plea of guilty if, for the reasons explained above, the Government does not make one or both of the recommendations or seeks denial of the adjustment for acceptance of responsibility.

### Stipulation

Pursuant to § 6B1.4 of the Sentencing Guidelines, the defendant and the Government have entered into the attached stipulation, which is a part of this plea agreement.  The defendant understands that this stipulation does not set forth all of the relevant conduct and characteristics that may be considered by the Court for purposes of sentencing.  The defendant understands that this stipulation is not binding on the Court.  The defendant also understands that the Government and the United States Probation Office are obligated to advise the Court of any additional relevant facts that subsequently come to their attention.

*January 20, 2017 Letter to Attorney Thomas J. Murphy*
*Page 5*

### Guideline Stipulation

The parties agree as follows:

The Guidelines Manual in effect on the date of sentencing is used to determine the applicable Guidelines range.

The parties agree that the total amount of laundered funds related to various investor schemes to pass through the defendant's IOLTA account is approximately $4,452,442. The parties further agree, however, that the defendant was not aware that all of this sum was part of the jointly undertaken criminal activity described in the information, insofar as the defendant was not aware that approximately $1,409,405 of this sum originated from investors. As a consequence, the parties agree that the total amount of laundered funds attributable to the defendant is approximately $3,049,027.06, which would result in a base offense level of 24 under U.S.S.G. § 2S1.1(a)(2).

The parties further agree that, one level is added because the offense of conviction is 18 U.S.C. § 1957. U.S.S.G. § 2S1.1(b)(2)(A). Two levels are added under U.S.S.G. § 3B1.3 because the offense involved abuse of a position of trust and/or use of a special skill. Three levels are subtracted under U.S.S.G. § 3E1.1 for acceptance of responsibility, as noted above.

Based on an initial assessment, the parties agree that the defendant falls within Criminal History Category I. The parties reserve the right to recalculate the defendant's Criminal History Category and corresponding sentencing ranges if this initial assessment proves inaccurate.

A total offense level of 24, assuming a Criminal History Category I, would result in a range of 51 to 63 months of imprisonment (sentencing table) and a fine range of $20,000 to $200,000, U.S.S.G. § 5E1.2(c)(3). The defendant is also subject to a supervised release term of 1 year to 3 years. U.S.S.G. § 5D1.2.

The defendant agrees that the foregoing is a correct calculation of the Guidelines. However, the defendant maintains that the proper measure on these facts for assessing his sentence is the approximately $200,000 in personal gain that he derived as a result of his role in the offense and his provision of related legal services, which is significantly less than the total value of the laundered funds attributable to him. The defendant thus reserves his right to address the appropriate measure of his conduct for sentencing purposes. If the Guidelines analysis were based on the amount of the defendant's gain, rather than the total value of the laundered funds, the parties agree that the resulting Guidelines range would be 27 to 33 months of imprisonment.

*January 20, 2017 Letter to Attorney Thomas J. Murphy*
*Page 6*

The Government and the defendant reserve their rights to seek a departure or a non-Guidelines sentence, and both sides reserve their right to object to a departure or a non-Guidelines sentence.

The defendant understands that the Court is not bound by this agreement on the Guideline ranges specified above. The defendant further understands that he will not be permitted to withdraw the guilty plea if the Court imposes a sentence outside any of the ranges set forth in this agreement.

In the event the United States Probation Office or the Court contemplates any sentencing calculations different from those stipulated by the parties, the parties reserve the right to respond to any inquiries and make appropriate legal arguments regarding the proposed alternate calculations. Moreover, the parties reserve the right to defend any sentencing determination, even if it differs from that stipulated by the parties, in any post-sentencing proceeding.

### Waiver of Right to Appeal or Collaterally Attack Conviction and Sentence

The defendant acknowledges that under certain circumstances he is entitled to challenge his conviction and sentence. The defendant agrees not to appeal or collaterally attack his conviction in any proceeding, including but not limited to a motion under 28 U.S.C. § 2255 and/or § 2241. Nor will he pursue such an appeal or collateral attack to challenge the sentence imposed by the Court if that sentence does not exceed 33 months of imprisonment, a 3-year term of supervised release, a $100 special assessment, a $250,000 fine, and restitution of $200,000, even if the Court imposes such a sentence based on an analysis different from that specified above. The Government and the defendant agree that this waiver applies regardless of whether the term of imprisonment is imposed to run consecutively to or concurrently with, in whole or in part, the undischarged portion of any other sentence that has been imposed on the defendant at the time of sentencing in this case. The defendant acknowledges that he is knowingly and intelligently waiving these rights. Furthermore, the parties agree that any challenge to the defendant's sentence that is not foreclosed by this provision will be limited to that portion of the sentence that is inconsistent with (or not addressed by) this waiver. Nothing in the foregoing waiver of appellate and collateral review rights shall preclude the defendant from raising a claim of ineffective assistance of counsel in an appropriate forum.

This waiver does not reflect any position by the Government as to what an appropriate sentence should be in this case.

Information to the Court

The parties reserve their rights to address the Court with respect to an appropriate sentence to be imposed in this case. Moreover, the Government will discuss the facts of this case, including information regarding the defendant's background and character, 18 U.S.C. § 3661, with the United States Probation Office and will provide the Probation Officer with access to material in its file, with the exception of grand jury material.

## **WAIVER OF RIGHTS**

Waiver of Right to Indictment

The defendant understands that he has the right to have the facts of this case presented to a federal grand jury, consisting of between sixteen and twenty-three citizens, twelve of whom would have to find probable cause to believe that he committed the offense set forth in the information before an indictment could be returned. The defendant acknowledges that he is knowingly and intelligently waiving his right to be indicted.

Waiver of Trial Rights and Consequences of Guilty Plea

The defendant understands that he has the right to be represented by an attorney at every stage of the proceeding and, if necessary, one will be appointed to represent him.

The defendant understands that he has the right to plead not guilty or to persist in that plea if it has already been made, the right to a public trial, the right to be tried by a jury with the assistance of counsel, the right to confront and cross-examine the witnesses against him, the right not to be compelled to incriminate himself, the right to testify and present evidence, and the right to compel the attendance of witnesses to testify in his defense. The defendant understands that by pleading guilty he waives those rights and that, if the plea of guilty is accepted by the Court, there will not be a further trial of any kind.

The defendant understands that, if he pleads guilty, the Court may ask him questions about each offense to which he pleads guilty, and if he answers those questions falsely under oath, on the record, and in the presence of counsel, his answers may later be used against him in a prosecution for perjury or making false statements.

*January 20, 2017 Letter to Attorney Thomas J. Murphy*
*Page 8*

<u>Waiver of Statute of Limitations</u>

The defendant agrees that, should the Court not accept his guilty plea or should the conviction following defendant's guilty plea be vacated for any reason, then any prosecution that is not time-barred by the applicable statute of limitations on the date of the signing of this plea agreement (including any indictment or counts the Government has agreed to dismiss at sentencing pursuant to this plea agreement) may be commenced or reinstated against the defendant, notwithstanding the expiration of the statute of limitations between the signing of this plea agreement and the commencement or reinstatement of such prosecution. The defendant agrees to waive all defenses based on the statute of limitations with respect to any prosecution that is not time-barred on the date the plea agreement is signed.

## ACKNOWLEDGMENT OF GUILT AND VOLUNTARINESS OF PLEA

The defendant acknowledges that he is entering into this agreement and is pleading guilty freely and voluntarily because he is guilty. The defendant further acknowledges that he is entering into this agreement without reliance upon any discussions between the Government and him (other than those described in the plea agreement letter), without promise of benefit of any kind (other than the concessions contained in the plea agreement letter), and without threats, force, intimidation, or coercion of any kind. The defendant further acknowledges his understanding of the nature of the offense to which he is pleading guilty, including the penalties provided by law. The defendant also acknowledges his complete satisfaction with the representation and advice received from his undersigned attorney. The defendant and his undersigned counsel are unaware of any conflict of interest concerning counsel's representation of the defendant in the case.

## SCOPE OF THE AGREEMENT

The defendant acknowledges that this agreement is limited to the undersigned parties and cannot bind any other federal authority, or any state or local authority. The defendant acknowledges that no representations have been made to him with respect to any civil or administrative consequences that may result from this plea of guilty because such matters are solely within the province and discretion of the specific administrative or governmental entity involved. Finally, the defendant acknowledges that this agreement has been reached without regard to any civil tax matters that may be pending or which may arise involving him.

## COLLATERAL CONSEQUENCES

The defendant understands that he will be adjudicated guilty of each offense to which he has pleaded guilty and will be deprived of certain rights, such as the right to hold public office, to serve on a jury, to possess firearms and ammunition, and in some states, the right to vote. Further, the defendant understands that if he is not a citizen of the United States, a plea of guilty may result in removal from the United States, denial of citizenship, and denial of admission to the United States in the future. The defendant understands that pursuant to section 203(b) of the Justice For All Act, the Federal Bureau of Prisons or the United States Probation Office will collect a DNA sample from the defendant for analysis and indexing. Finally, the defendant understands that the Government reserves the right to notify any state or federal agency by which he is licensed, or with which he does business, as well as any current or future employer of the fact of his conviction.

## SATISFACTION OF FEDERAL CRIMINAL LIABILITY; BREACH

The defendant's guilty plea, if accepted by the Court, will satisfy the federal criminal liability of the defendant in the District of Connecticut as a result of his participation in the conduct which forms the basis of the information in this case.

The defendant understands that if, before sentencing, he violates any term or condition of this agreement, engages in any criminal activity, or fails to appear for sentencing, the Government may void all or part of this agreement. If the agreement is voided in whole or in part, defendant will not be permitted to withdraw his guilty plea.

## NO OTHER PROMISES

The defendant acknowledges that no other promises, agreements, or conditions have been entered into other than those set forth in this plea agreement, and none will be entered into unless set forth in writing, signed by all the parties.

This letter shall be presented to the Court, in open court, and filed in this case.

Very truly yours,

DEIRDRE M. DALY
UNITED STATES ATTORNEY

AVI M. PERRY
PETER S. JONGBLOED
ASSISTANT UNITED STATES ATTORNEYS

    The defendant certifies that he has read this plea agreement letter and its attachment(s) or has had it read or translated to him, that he has had ample time to discuss this agreement and its attachment(s) with counsel and that he fully understands and accepts its terms.

_____        1/20/17
COREY BRINSON                            Date
The Defendant

    I have thoroughly read, reviewed and explained this plea agreement and its attachment(s) to my client who advises me that he understands and accepts its terms.

_____        1/20/17
THOMAS J. MURPHY, ESQ.                Date
Attorney for the Defendant

## STIPULATION OF OFFENSE CONDUCT AND RELEVANT CONDUCT

The defendant and the Government stipulate to the following offense conduct and relevant conduct that gives rise to the defendant's agreement to plead guilty to the information. The defendant and the Government acknowledge that this Stipulation is not intended to be exhaustive of all the factual information that the parties believe will be relevant for the Court's consideration at sentencing.

Between approximately October 2010 and July 2016, the defendant, an attorney licensed to practice in Connecticut, served as the nominal "securities counsel" for several companies whose securities were marketed and sold to the investing public (the "Subject Transactions"). In doing so, the defendant the defendant acted at the direction of a client who has been charged separately ("Client 1") and Client 1's business associates. As the defendant became aware, Client 1 was barred from the securities industry. The defendant did not have any personal knowledge of, or experience with, securities and/or securities markets.

The defendant, Client 1, and Client 1's business associates engaged in a scheme to defraud investors by means of materially false and fraudulent representations regarding the securities marketed and sold in the Subject Transactions. The defendant did not have actual knowledge of the full extent of fraudulent representations being made to investors by Client 1 and Client 1's business associates. However, the defendant knowingly and willfully participated in the scheme as described below.

It was part of the underlying scheme that, as securities counsel, the defendant at times signed, and on other occasions permitted others to affix his signature to, false and misleading attorney opinion letters that were designed to provide assurances to securities transfer agents and prospective investors. Among other things, these opinion letters falsely certified that the defendant, as an attorney, had adequately reviewed corporate records and filings and was satisfied with the adequacy of the companies' public disclosures.

It was further part of the underlying scheme to defraud that the false and misleading opinion letters were provided to securities transfer agents and prospective investors with the intent that the letters would influence those agents and investors in making their discretionary economic decisions, including whether to enter into the Subject Transactions.

It was further part of the underlying scheme that the defendant received deposits of millions of dollars in proceeds of the Subject Transactions into his Interest on Lawyer Trust Account ("IOLTA") at People's United Bank, N.A, a financial institution insured by the Federal Deposit Insurance Corporation. In doing so, the defendant took in funds principally from investors that those investors

*January 20, 2017 Letter to Attorney Thomas J. Murphy*
*Page 12*

intended to be used for the purchase of securities and to fund operations at the underlying companies, based in part upon the false and misleading attorney opinion letters.

Rather than use those proceeds to purchase securities and fund operations at the underlying companies, Client 1 and others directed the defendant to distribute nearly all the money to what proved to be relatives, associates, and shell companies associated with, and/or under the control of, Client 1 and his business associates. In exchange for providing this service, the defendant received a percentage—typically 5%—of the investor funds that passed through his IOLTA. These payments included legal fees for miscellaneous legal services unrelated to the scheme that the defendant provided to Client 1. In addition, the defendant also received payment for preparing the opinion letters described above. As a result of these activities, the defendant's personal gain over nearly six years was a total of approximately $200,000.

As described in the information, in furtherance of the underlying scheme, the defendant and his confederates used and caused to be used the United States mail and interstate wires including by causing (a) investors to mail checks from other states to Connecticut for deposit into the defendant's IOLTA; (b) investors to electronically transfer funds via wire from other states into the defendant's IOLTA in Connecticut; and (c) the transmission via mail and e-mail the false and misleading attorney opinion letters from Connecticut to investors and agents outside of Connecticut.

In total, the defendant knew and understood that approximately $3,049,027.06 that passed through his IOLTA was the proceeds of the specified unlawful activity described in the information, namely mail and wire fraud in violation of 18 U.S.C. §§ 1341 and 1343. The defendant engaged in approximately 85 monetary transactions through his IOLTA involving these criminally-derived funds and having a value in excess of $10,000. Among these transactions, on October 28, 2015, the defendant issued a check in the amount of $12,100 that was drawn on his IOLTA ending in 5573 at People's to pay the private school tuition of Client 1's child.

*January 20, 2017 Letter to Attorney Thomas J. Murphy*
*Page 13*

      This written stipulation is part of the plea agreement. The defendant and the Government reserve their right to present additional relevant offense conduct to the Court in connection with sentencing.

_____
COREY BRINSON
The Defendant

_____
AVI M. PERRY
PETER S. JONGBLOED
ASSISTANT UNITED STATES ATTORNEYS

_____
THOMAS J. MURPHY, ESQ.
Attorney for the Defendant

## RIDER CONCERNING RESTITUTION

  The Court may order that the defendant make restitution under 18 U.S.C. § 3663. The order of restitution may include:

1. If the offense resulted in damage to or loss or destruction of property of a victim of the offense, the order of restitution shall require the defendant to:

   A. Return the property to the owner of the property or someone designated by the owner; or

   B. If return of the property is impossible, impracticable, or inadequate, pay an amount equal to:

   The greater of -
   (I) the value of the property on the date of the damage, loss, or destruction; or

   (II) the value of the property on the date of sentencing, less the value as of the date the property is returned.

2. In any case, reimburse the victim for lost income and necessary child care, transportation, and other expenses incurred during participation in the investigation or prosecution of the offense or attendance at proceedings related to the offense.

  The order of restitution has the effect of a civil judgment against the defendant. In addition to the court-ordered restitution, the court may order that the conditions of its order of restitution be made a condition of probation or supervised release. Failure to make restitution as ordered may result in a revocation of probation, or a modification of the conditions of supervised release, or in the defendant being held in contempt under 18 U.S.C. § 3583(e). Failure to pay restitution may also result in the defendant's re-sentencing to any sentence which might originally have been imposed by the Court. *See* 18 U.S.C. §§ 3614, 3613A. The Court may also order that the defendant give notice to any victim(s) of his offense under 18 U.S.C. § 3555.