## UNITED STATES DISTRICT COURT

### District of Connecticut

| | |
|---|---|
| **UNITED STATES OF AMERICA** | **JUDGMENT IN A CRIMINAL CASE** |
| v. | CASE NO.: 3:17-cr-00009-JAM-1 |
| | USM NO: 25265-014 |
| **COREY BRINSON** | |
| | **Avi Perry** |
| | Assistant United States Attorney |
| | **Thomas J. Murphy** |
| | Defendant's Attorney |

**THE DEFENDANT:** pled guilty to count(s) 1 of the Information.

Accordingly the defendant is adjudicated guilty of the following offense(s):

| **Title & Section** | **Nature of Offense** | **Offense Concluded** | **Count(s)** |
|---|---|---|---|
| 18 U.S.C. § 1957 | Unlawful Monetary Transaction | July 2016 | 1 |

The following sentence is imposed pursuant to the Sentencing Reform Act of 1984.

**IMPRISONMENT**

The defendant is hereby committed to the custody of the Federal Bureau of Prisons to be imprisoned for a total of 36 months on count 1.

**SUPERVISED RELEASE**

Upon release from imprisonment, the defendant shall be on supervised release for a total term of 3 years on count 1. The Mandatory and Standard Conditions of Supervised Release as attached are imposed. In addition, the following Special Conditions are imposed:

 (1) You must participate in a program recommended by the United States Probation Office and approved by the Court for inpatient or outpatient substance abuse treatment and testing. You must follow the rules and regulations of that program. The probation officer will supervise your participation in the program. You must pay all or a portion of costs associated with treatment based on your ability to pay as recommended by the probation officer and approved by the Court, although priority will go toward payment of your restitution obligations.
(2) You must participate in a program recommended by the United States Probation Office and approved by the Court for mental health treatment. You must follow the rules and regulations of that program. The probation officer, in consultation with the treatment provider, will supervise your participation in the program. You must pay all or a portion of costs associated with treatment based on your ability to pay as recommended by the probation officer and approved by the Court, although priority will go toward payment of your restitution obligatoins.
(3) You must pay any restitution that is imposed by this judgment, jointly and severally with any other defendants convicted of participating in the scheme, in a lump sum immediately. If you are unable to pay the full balance in a lump sum, any remaining balance is payable at a rate of not less than $1,000.00 per month or 30% of your gross monthly income, whichever is greater. The monthly payment schedule may be adjusted based on your ability to pay as determined by the probation officer and approved by the Court.
(4) You must not incur new credit card charges above $500 or open additional lines of credit without the approval of the probation officer. You must not add any new names to any lines of credit, and you must not be added as a secondary card holder on another's line of credit.

(5) You must provide the probation officer access to any requested financial information and authorize the release of any financial information. The United States Probation Office may share financial information with the United States Attorney's Office.

**CRIMINAL MONETARY PENALTIES**

The defendant must pay the total criminal monetary penalties under the schedule of payments (as follows) or (as noted on the restitution order).

| | |
|---|---|
| **Special Assessment:** | $100.00 on count 1 to be paid immediately. |
| **Fine:** | $ |
| **Restitution:** | $ 1,417,810.00. Court waives interest on the restitution. Subject to revision under government's statutory right to amend. See special conditions of supervised release as to restitution. |

It is further ordered that the defendant will notify the United States Attorney for this district within 30 days of any change of name, residence or mailing address until all fines, restitution, costs and special assessments imposed by this judgment, are paid. The following counts have been dismissed:

**JUDICIAL RECOMMENDATION(S) TO THE BUREAU OF PRISONS**

The defendant shall surrender at the Institution designated by the Bureau of Prisons or as directed by the United States Marshal on Tuesday, June 13, 2017, at 12:00 noon. The Court recommends that the defendant be designated to the prison camp at either USP Lewisburg or FCI McKean. The Court further recommends that the defendant be designated to a facility that has a residential drug abuse treatment program ("RDAP"), and that he be evaluated for admission to the RDAP program where designated.

April 13, 2017
Date of Imposition of Sentence

/s/   Jeffrey A. Meyer

United States District Judge
Date:  May 1, 2017

## **CONDITIONS OF SUPERVISED RELEASE**

**In addition to the Standard Conditions listed below, the following indicated (■) Mandatory Conditions are imposed:**

## **MANDATORY CONDITIONS**

(1)  You must not commit another federal, state or local crime.

(2)  You must not unlawfully possess a controlled substance.

(3)  You must refrain from any unlawful use of a controlled substance.  You must submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter, as determined by the court.

☐ The above drug testing condition is suspended, based on the court's determination that you pose a low risk of future substance abuse. *(check if applicable)*

(4)  ■ You must cooperate in the collection of DNA as directed by the probation officer. *(check if applicable)*

(5)  ☐ You must comply with the requirements of the Sex Offender Registration and Notification Act (42 U.S.C. § 16901, *et seq.*) as directed by the probation officer, the Bureau of Prisons, or any state sex offender registration agency in which you reside, work, are a student, or were convicted of a qualifying offense. *(check if applicable)*

(6)  ☐ You must participate in an approved program for domestic violence. *(check if applicable)*

## **STANDARD CONDITIONS**

As part of your supervised release, you must comply with the following standard conditions of supervision. These conditions are imposed because they establish the basic expectations for your behavior while on supervision and identify the minimum tools needed by probation officers to keep informed, report to the court about, and bring about improvements in your conduct and condition.

(1)  You must report to the probation office in the federal judicial district where you are authorized to reside within 72 hours of your release from imprisonment, unless the probation officer instructs you to report to a different probation office or within a different time frame.
(2)  After initially reporting to the probation office, you will receive instructions from the court or the probation officer about how and when you must report to the probation officer, and you must report to the probation officer as instructed.
(3)  You must not knowingly leave the federal judicial district where you are authorized to reside without first getting permission from the court or the probation officer.
(4)  You must answer truthfully the questions asked by your probation officer.
(5)  You must live at a place approved by the probation officer. If you plan to change where you live or anything about your living arrangements (such as the people you live with), you must notify the probation officer at least 10 days before the change. If notifying the probation officer in advance is not possible due to unanticipated circumstances, you must notify the probation officer within 72 hours of becoming aware of a change or expected change.
(6)  You must allow the probation officer to visit you at any time at your home or elsewhere, and you must permit the probation officer to take any items prohibited by the conditions of your supervision that he or she observes in plain view.
(7)  You must work full time (at least 30 hours per week) at a lawful type of employment, unless the probation officer excuses you from doing so. If you do not have full-time employment you must try to find full-time employment, unless the probation officer excuses you from doing so.  If you plan to change where you work or anything about your work (such as your position or your job responsibilities), you must notify the probation officer at least 10 days before the change. If notifying the probation officer at least 10 days in advance is not possible due to unanticipated circumstances, you must notify the probation officer within 72 hours of becoming aware of a change or expected change.
(8)  You must not communicate or interact with someone you know is engaged in criminal activity. If you know someone has been convicted of a felony, you must not knowingly communicate or interact with that person without first getting the permission of the probation officer.
(9)  If you are arrested or questioned by a law enforcement officer, you must notify the probation officer within 72 hours.
(10) You must not own, possess, or have access to a firearm, ammunition, destructive device, or dangerous weapon (i.e., anything that was designed, or was modified for, the specific purpose of causing bodily injury or death to another person such as nunchakus or tasers).
(11) You must not act or make any agreement with a law enforcement agency to act as a confidential human source or informant without first getting the permission of the court.
(12) You must follow the instructions of the probation officer related to the conditions of supervision.

Upon a finding of a violation of supervised release, I understand that the court may (1) revoke supervision <u>and impose a term of imprisonment</u>, (2) extend the term of supervision, and/or (3) modify the conditions of supervision.

These conditions have been read to me. I fully understand the conditions and have been provided a copy of them.

(Signed) _____     _____
     Defendant                                Date

_____   _____
U.S. Probation Officer/Designated Witness          Date

**CERTIFIED AS A TRUE COPY ON THIS DATE:** _____

By: _____
   Deputy Clerk

**RETURN**

I have executed this judgment as follows:

Defendant delivered on _____ to _____ a _____, with a certified copy of this judgment.

                                         Brian Taylor
                                  Acting United States Marshal

By  _____
                Deputy Marshal