**UNITED STATES DISTRICT COURT**
**DISTRICT OF CONNECTICUT**

UNITED STATES OF AMERICA                    Docket No. 3:17CR9(JAM)

v.

 COREY BRINSON

**RESTITUTION ORDER**

**I.**      **Restitution Liability**

   **A.**   **Restitution Amount**

      The Defendant, Corey Brinson                                                                    ,
shall pay restitution in the amount of $ 1,417,810                                          pursuant to
18 U.S.C. § 3663A

   ☐  This amount includes_____in prejudgment interest.

   ☑  The Court does not order the inclusion of prejudgment interest.

   **B.**   **Joint and Several Liability**

      ☑  Restitution is joint and several with defendant(s) Christian Meissenn, William

         Lieberman, Damian Delgado, Brian Ferraioli, and Thomas Heaphy, Jr.

         in case numbers 3:16CR201(JAM), 3:17CR96(JAM), 3:17CR93(JAM),

          3:17CR177(JAM), and 3:17CR168(JAM)

      ☐  Restitution is joint and several with defendant(s) not presently named.

      ☐  Restitution is not joint and several with other defendants or with others not named
         herein.

         ☐  optional: Rather, pursuant to 18 U.S.C. § 3664(h), the Court has apportioned
            liability among the defendants to reflect the level of contribution to the
            victim's loss and the economic circumstances of each defendant.

C.  **Apportionment Among Victims**

Restitution shall be paid to the victim(s) identified in Schedule A attached hereto on a (select one):

[✓]  pro rata basis, whereby each payment shall be distributed proportionally to each victim based upon the amount of loss for each victim as set forth more fully in Schedule A.

[ ]  percentage basis, as set forth more fully in Schedule A.

[ ]  specified basis set forth more fully in Schedule A.

II.  **Interest**

The Defendant shall pay interest on any restitution amount of more than $2,500.00, unless restitution is paid in full before the fifteenth day after the date of the judgment, in accordance with 18 U.S.C. § 3612(f)(1).

[ ]  All interest is waived pursuant to 18 U.S.C. § 3612(f)(3)(A).

[ ]  Accrual of interest is limited to $
pursuant to 18 U.S.C. § 3612(f)(3)(B).

[ ]  Interest shall accrue only during the period of
pursuant to 18 U.S.C. § 3612(f)(3)(C).

[✓]  All interest is waived by the Government pursuant to 18 U.S.C. § 3612(h).

[ ]  The following portion of interest is waived by the Government pursuant to 18 U.S.C. § 3612(h):

If a restitution payment is more than 30 days late, it is delinquent, and the Defendant shall pay, as a penalty, an amount equal to 10 percent of the principal amount that is delinquent. If a restitution payment is delinquent for more than 90 days, it is in default, and the Defendant shall pay, as a penalty, an additional amount equal to 15 percent of the principal amount that is in default. All penalties shall accrue, unless waived by the Government.

[✓]  All penalties are waived by the Government pursuant to 18 U.S.C. § 3612(h).

**III.**   **Time and Method of Payment**

       Pursuant to 18 U.S.C. § 3664(f)(2), in consideration of the financial resources and other assets of the Defendant, including whether any of these assets are jointly controlled; projected earnings and other income of the Defendant; and any financial obligations of the Defendant; including obligations to dependents, the Defendant is hereby ordered to pay restitution in the manner and according to the schedule that follows: (complete either Section A or B)

☑   A.  The total amount of restitution is due and payable immediately pursuant to 18 U.S.C. § 3572(d)(1):

      ☐   upon entry of this judgment.

      ☐   on the following date: _____.

      In the case of a Defendant who is sentenced to a term of imprisonment, any unpaid amount remaining upon release from prison will be paid:

      ☐   lump sum, immediately.

      ☐   in installments of not less than $_____, payable on the of each month.

      ☑   as specified by the Court:

            in installments of not less than $1,000 per month, or 30 percent of the Defendant's gross monthly income, whichever is greater, payable on the 1st of each month.

☐   B.  In the interest of justice, restitution shall be payable in installments pursuant to 18 U.S.C. § 3572(d)(1) and (2).

1.  The Defendant shall commence installment payments:

      ☐   immediately upon entry of this judgment.

      ☐   upon release from prison.

      ☐   on the following date: _____.

      ☐   as specified by the Court:

2.      While serving the term of imprisonment, the Defendant shall make installment payments as follows:

☐      The Defendant shall pay no less than $ _____

☐      in an amount equal to _____ percent of gross income,

☐      as specified by the Court:

3.      After completion of the term of imprisonment, or if the Defendant is not sentenced to a term of imprisonment, the Defendant shall make installment payments as follows:

☐      no less than $_____

☐      in an amount equal to _____ percent of the Defendant's gross income,

☐      as specified by the Court:

## IV.    **Payment Instructions**

The Defendant shall make payment to the Clerk of Court.  Payment may be made in the form of cash, check or money order.  All payments by check or money order shall be made payable to the "Clerk, United States District Court," and each check shall be delivered to the United States District Court, Attention: Clerk's Office, 141 Church Street, New Haven, CT 06510 as required by 18 U.S.C. § 3611. The Defendant shall write the docket number of this case on each check delivered to the Clerk's Office. Any cash payments shall be hand delivered to the Clerk's Office using exact change, and shall not be mailed.

The Clerk shall distribute restitution payments to the victim(s) identified in this order in accordance with the District's Standing Order on the Disbursement of Restitution Payments by the Clerk of Court.

4

**V.**     **Additional Collection Provisions**

The Defendant shall notify the Court, the United States Probation Office (during any period of probation or supervised release), and the United States Attorney's Office, of any material change in the Defendant's economic circumstances that might affect the Defendant's ability to pay restitution in accordance with 18 U.S.C. § 3664(k).

The Defendant shall notify the Court, the United States Probation Office (during any period of probation or supervised release), and the United States Attorney's Office, of any change in address.

Nothing in this order shall prevent the Bureau of Prisons from implementing restitution payments in accordance with its Inmate Financial Responsibility Program ("IFRP"), 28 U.S.C. § 545.10 et seq. up to the maximum amount permitted under the IFRP guidelines.

Furthermore, nothing in this order shall prevent the victim(s) or the United States from pursuing immediate collection through civil remedies allowed by law in accordance with 18 U.S.C. § 3664(m).

The Defendant shall apply to any restitution still owed the value of any substantial resources from any source the defendant receives during the period of incarceration, including inheritance, settlement or other judgment in accordance with 18 U.S.C. § 3664(n).

The liability to pay restitution shall terminate the later of 20 years from the entry of judgment or 20 years after the Defendant's release from prison, or upon the death of the Defendant.

It is so ordered.

Dated at New Haven  , Connecticut on this 5th     day of October       , 20 17   .


_____

Jeffrey Alker Meyer, USDJ